UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-81513-MIDDLEBROOKS/MCCABE

MICHAEL KNIGHT,

    Appellant,

v.

KATHLEEN SZABO,

    Appellee.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Appellant Michael Knight's appeal of an Order Granting Appellee Kathleen Szabo's Motion to Dismiss issued by the United States Bankruptcy Court for the Southern District of Florida on August 19, 2021, which was referred to the undersigned by United States District Judge Donald M. Middlebrooks (DE 14). For the reasons discussed below, the undersigned respectfully **RECOMMENDS** that the Order Granting the Motion to Dismiss be **AFFIRMED**.

**I.    BACKGROUND**

This case involves an exotic bird, a state court civil theft judgment, and a bankruptcy adversary proceeding that was dismissed as untimely. This appeal challenges the dismissal.

    **A.    Civil Theft Judgment**

On April 2, 2014, Michael Knight ("Knight") sued Kathleen Szabo ("Debtor") in the Circuit Court in and for Palm Beach County, Florida, alleging, *inter alia*, civil theft relating to the sale of an exotic bird (DE 10 at 27-31). After a bench trial, the state court issued findings of fact and conclusions of law, finding as follows:

> [Knight] was "damaged in the total amount of $12,000.00 because of [Debtor's] civil theft. Pursuant to the statute, [Knight] is entitled to treble damages in the total amount of $36,000.00 and is entitled to judgment. Accordingly, [Knight] is also entitled to attorney's fees and costs to be determined in ancillary proceedings.

(DE 10 at 43). On October 11, 2019, the state court entered judgment in favor of Knight and against Debtor in the amount of $121,309.06 (including legal fees) (DE 10 at 49-50).

### B.   Debtor Files for Bankruptcy

Thereafter, on February 4, 2021, Debtor filed for bankruptcy, *In Re: Kathleen Szabo*, Case No. 21-11103-EPK (the "underlying Bankruptcy Court Case" or "BK") (DE 10 at 6-7). On February 5, 2021, the Bankruptcy Court entered a Notice of Chapter 13 Bankruptcy Case ("Notice"), which set the following crucial dates and deadlines:

| | |
|---|---|
| March 16, 2021 | Meeting of Creditors |
| May 11, 2021 | Confirmation Hearing |
| May 17, 2021 | Deadline to (a) file a motion to assert "that the debtors are not entitled to receive a discharge," and/or (b) file a complaint to assert that a "particular is debt excepted from discharge" |

(DE 10 at 6-7).

As to the May 17, 2021 deadline, the Notice made a distinction between the two types of objections creditors might lodge, namely, (1) objections to discharge of the debtor herself, and (2) objections to discharge of a particular debt (DE 10 at 6-7). The Notice repeated this warning in multiple places, cautioning that the procedures differed for each type of objection:

> Confirmation of a chapter 13 plan may result in a discharge. Creditors who assert that the debtors are not entitled to a discharge under 11 U.S.C. §1328(f) must file a motion objecting to discharge in the bankruptcy clerk's office within the deadline specified in this [N]otice. Creditors who want to have their debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office by the same deadline.

(DE 10 at 6).

> If you want to have a particular debt excepted from discharge under 11 U.S.C. § 523(a)(2) or (4), you must file a complaint and pay the filing fee in the bankruptcy clerk's office by the deadline. If you believe that the debtors are not entitled to a discharge of any of their debts under 11 U.S.C. § 1328(f), you must file a motion.

(DE 10 at 7).

In bankruptcy parlance, an objection to discharge of the debtor herself is often referred to as an "objection to discharge," while an objection to discharge of a particular debt is referred to as an "objection to dischargeability." *See, e.g.*, *In re Withrow*, 570 B.R. 452, 455 (Bankr. N.D. Ga. 2017) ("[A]n objection to discharge and an objection to the dischargeability are two distinct and different claims for relief.").

### C.    Motion to Adjourn & Adversary Complaint

With these deadlines on the horizon, on May 5, 2021, Knight filed a motion titled "Motion to Adjourn Confirmation Hearing and Deadline to Oppose Discharge *Sine Die*" ("Motion to Adjourn") (DE 10 at 9-14). Paragraph 1 of the Motion to Adjourn noted that the Bankruptcy Court set May 17, 2021 as the "final date to oppose *discharge or dischargeability*" (DE 10 at 9) (emphasis added). In the wherefore clause, Knight then requested an order "continuing the confirmation hearing, continuing the *deadline to object to discharge*, and entering such other relief as may be deemed just and equitable under the circumstances presented" (DE 10 at 10-11) (emphasis added). Knight did not request a continuance of the deadline to object to dischargeability (DE 10 at 10-11).

On May 11, 2021, the date set for the confirmation hearing passed with no hearing taking place. Likewise, on May 17, 2021, the deadline to object to dischargeability passed with Knight making no such objection. Thereafter, on June 11, 2021, Knight filed a complaint, initiating an adversary proceeding, *Michael Knight vs. Kathleen Szabo*, Adv. Proc. Case No. 21-AP-01172-

EPK (the "Adversary Proceeding") (DE 10 at 20-26). The adversary complaint challenged the dischargeability of the civil theft judgment pursuant to 11 U.S.C. § 523 (DE 10 at 20-26).

On June 15, 2021, the Bankruptcy Court held a hearing on the Motion to Adjourn (DE 10 at 62-64). The hearing consisted of a very brief exchange, focused exclusively on the confirmation hearing and no other issues:

> [COURT]: All right. The motion to adjourn, you're going to continue confirmation anyway, Ms. Tempone [Trustee's Counsel], right, most likely? Ms. Tampone.
>
> [TRUSTEE]: Oh, I'm sorry. I thought you were asking someone else. Yes, Your Honor.
>
> [COURT]: Okay. So Mr. Klein [Knight's Counsel], I think we should just allow it to be continued month to month at this point.
>
> [KLEIN]: Yes, I understood from – I'm sorry. I understood from Ms. Tempone this morning that as long as the adversary is pending there's not going to be any confirmation anyways. So that's fine.
>
> [COURT]: Right. So I'm going to deny this motion without prejudice, and I'll do a very brief order on that myself. But I really mean without prejudice, because obviously, your rights will be protected in the meantime.

(DE 10 at 63-64). There was no discussion during the hearing about Knight's request to extend the deadline to object to discharge, nor was there any discussion of the deadline to object to dischargeability. Following the hearing, the Bankruptcy Court issued a written order denying the Motion to Adjourn without prejudice "for the reasons stated on the record" (DE 10 at 18).

Thereafter, the Trustee issued a notice that continued the confirmation hearing to June 15, 2021 (BK DE 42). The confirmation hearing was continued multiple times thereafter, with the final Chapter 13 Plan confirmed on September 27, 2021 (BK DE 76).

**D.    Motion to Dismiss**

In the meantime, on July 2, 2021, Debtor filed a Motion to Dismiss the Adversary Complaint with Prejudice ("Motion to Dismiss") (DE 10 at 52). Debtor argued that Knight failed

to timely file the adversary complaint prior to May 17, 2021, which was the deadline established by the Notice and mandated by Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (DE 10 at 52-53).

In response, Knight argued Debtor should be estopped from asserting this deadline because Debtor had previously agreed to continue the confirmation hearing on the basis of the pending adversary complaint (DE 10 at 55-67). Because Debtor did not raise timeliness in the context of the confirmation hearing, Knight argued, she should not be permitted to raise the issue on a motion to dismiss (DE 10 at 57). Knight also attached a portion of the transcript of the Motion to Adjourn hearing, wherein the Bankruptcy Court stated, "your rights will be protected in the meantime" (DE 10 at 64).

On August 18, 2021, the Bankruptcy Court held a hearing on the Motion to Dismiss and made a detailed oral ruling on the record (DE 22-1 at 4-8).[1] The Bankruptcy Court addressed the Motion to Adjourn as follows:

> It is true that [Knight] filed a motion at ECF No. 33, which motion the Court denied by an order at ECF No. 51. However, in that motion [Knight] did not seek an extension of the deadline to file a dischargeability complaint.
>
> In addition to seeking a continuance of the confirmation hearing, [Knight] sought an extension of the deadline to object to the discharge itself. This request for relief is stated both in Paragraph 8 of the motion and in the request for relief at the end. The deadline to object to discharge is separate from the deadline to seek to except a particular debt from discharge. The former is covered by Rule 4004, and the latter is covered by Rule 4007. The motion and order at ECF Nos. 33 and 51 have no impact on the present [A]dversary [P]roceeding.

(DE 22-1 at 5-6).

As to the estoppel argument, the Bankruptcy Court ruled as follows:

---

[1] Knight did not initially provide the transcript of the hearing on the Motion to Dismiss to this Court for review (DE 10). After hearing from counsel during the July 5, 2022 oral argument, the Court granted Knight leave to supplement the record (DE 17; DE 22).

> In his response[,] [Knight] argues that when the [Motion to Adjourn] came before the Court for hearing on June 15, the Court denied the [Motion to Adjourn] because of the existence of this very [A]dversary [P]roceeding meant that the confirmation hearing would be continued month-to-month until the [A]dversary [P]roceeding was resolved. [Knight] states that [Debtor] failed to argue that the complaint was untimely and should not now be permitted to seek to dismiss based on timeliness.
>
> But the transcript excerpt pointed to in the response addresses only [Knight's] request to continue the confirmation hearing, not the request to move the discharge challenge deadline. [Knight] did not even present that other component of the [Motion to Adjourn] to the Court, and so that relief was effectively waived. But, again, more importantly, [Knight] had not requested an extension of the dischargeability deadline. So what did and did not happen at that hearing has no impact on the Court's analysis today.

(DE 22-1 at 6-7).

The Bankruptcy Court also discussed the merits of the timeliness argument. Although Knight brought a dischargeability challenge under 11 U.S.C. § 523, the Bankruptcy Court noted that the complaint failed to specify the exact subsection under which Knight sought to proceed. The Bankruptcy Court explained that different deadlines apply to different subsections:

> [T]he deadline to file a complaint under Section 523(c) seeking relief under sections 523(a)(2) or (a)(4) was May 17, 2021. In a Chapter 13 case, if the debtor receives a normal discharge under Section 1328(a), claims that would be covered by Section 523(a)(6) are discharged, except for personal injury or death claims under Section 1328(a)(4). In other words[,] most claims resulting from willful and malicious injury are discharged in the typical Chapter 13 case.
>
> If a Chapter 13 debtor seeks a hardship discharge under Section 1328(b), then creditors have the opportunity to seek exception from discharge under Section 523(a)(6). In a Chapter 13 case, there's only a deadline to file a complaint under Section 523(a)(6) when a hardship discharge is sought. The notice of commencement sent to creditors in a Chapter 13 case provides the dischargeability deadline only for complaints under subsections (a)(2) and (a)(4). The complaint filed in this [A]dversary [P]roceeding does not cite any subsection of Section 523(a). It is unclear to the Court whether it seeks relief under 523(a)(6) or under sections 523(a)(2) or (4).

(DE 22-1 at 4-5).

The Bankruptcy Court then issued alternative rulings to account for the alternative subsections under which Knight might be proceeding:

6

> If the present complaint seeks relief under Section 523(a)(2) or Section 523(a)(4), it is in fact untimely and must be dismissed. The deadline was May 17, 2021. Even if the [Motion to Adjourn] could be construed to have requested an extension of the deadline under Rule 4007, that motion was denied. Indeed, [Knight] did not even argue that component of the motion at the hearing.
>
> If the present complaint seeks relief under Section 523(a)(6), that claim is not ripe … [and] the claim would only be ripe [if] the debtor seeks a hardship discharge under Section 1328(b). [Knight] would then … have an opportunity to seek relief under Section 523(a)(6).
>
> So the motion to dismiss will be granted with prejudice to the extent that [Knight] has claims under Section 523(a)(2) or (a)(4), but without prejudice to the rights of [Knight] to seek relief under Section 523(a)(6) if the debtor seeks a hardship discharge…. The effect is that the [A]dversary [P]roceeding will be dismissed[.]

(DE 22-1 at 7-8).

Thereafter, the Bankruptcy Court issued a written order that, "[f]or the reasons stated on the record," granted the Motion to Dismiss (1) "with prejudice to the extent [Knight] seeks relief under 11 U.S.C. § 523(a)(2) or 11 U.S.C. § 523(a)(4)"; and (2) "without prejudice to the rights of [Knight] to seek relief under 11 U.S.C. § 523(a)(6) if [Debtor] seeks a hardship discharge under 11 U.S.C. § 1328(b)" (DE 10 at 66-67).

### E. Instant Appeal

This appeal followed (DE 1). Knight presents one issue for appeal: "Whether the Bankruptcy Court erred by dismissing [Knight's] Adversary Complaint with prejudice, precluding [Knight] from arguing in opposition to discharge of a judgment that was based on civil theft" (DE 9 at 7).

## II. STANDARD OF REVIEW

District courts have appellate jurisdiction over the judgments, orders, and decrees of bankruptcy courts. 28 U.S.C. § 158(a). A district court may affirm a bankruptcy court order on "any ground supported by the record." *In re Gosman*, 382 B.R. 826, 839 n.3 (S.D. Fla. 2007)

7

(citing *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007)) (internal citation omitted).

A district court reviews a bankruptcy court's conclusions of law, including the granting of a motion to dismiss, *de novo*. *See In re Calvert*, 907 F.2d 1069, 1071 (11th Cir. 1990); *In re Trusted Net Media Holdings, LLC,* 550 F.3d 1035, 1038 (11th Cir. 2008). "Under *de novo* review, this Court independently examines the law and draws its own conclusions after applying the law to the facts of the case, without regard to decisions made by the Bankruptcy Court." *In re Brown*, No. 08-1517-Orl-18, 2008 WL 5050081, at *2 (M.D. Fla. Nov. 19, 2008) (citing *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1295 (11th Cir. 2001)).

"Where a bankruptcy court has exercised discretion, as in the application of estoppel, the standard of review is abuse of discretion." *In re Summit View, LLC*, No. 8:11-CV-724-T-24, 2011 WL 3268367, at *3 (M.D. Fla. Aug. 1, 2011), *aff'd,* 472 Fed. App'x 900 (11th Cir. 2012) (citing *Robinson v. Tyson Foods, Inc*., 595 F.3d 1269, 1273 (11th Cir. 2010). "The abuse of discretion standard requires an appellate court to affirm unless it finds that the lower court has made a clear error of judgment or has applied the wrong legal standard." *Id.* (citations and quotations omitted).

### III.  DISCUSSION

Knight argues the Bankruptcy Court committed reversible error by granting Debtor's Motion to Dismiss. Specifically, Knight argues the Bankruptcy Court should not have permitted Debtor to attack the timeliness of the Adversary Proceeding because, during the hearing on the Motion to Adjourn, Debtor remained silent and never alerted the Bankruptcy Court that the already-pending adversary complaint was untimely (DE 10 at 17-19). By remaining silent in this fashion, Knight argues, Debtor took unfair advantage and should have been estopped from raising timeliness in her Motion to Dismiss (DE 10 at 17-19).

### A.   Judicial Estoppel

Although not couched as such, Knight's argument seems to arise under the doctrine of judicial estoppel. "The purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment." *Robinson*, 595 F.3d at 1273 (citation and internal quotation marks omitted); *see also City of Riviera Beach v. That Certain Unnamed Gray, Two-Story Vessel Approximately Fifty-Seven Feet in Length*, 649 F.3d 1259, 1273 (11th Cir. 2011) ("Judicial estoppel is designed to prevent parties from making a mockery of justice by inconsistent pleadings.") (citation and internal quotation marks omitted).

The trial court has broad discretion in applying this equitable doctrine. *See Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006). In exercising such discretion, courts traditionally look to the following factors: "(1) whether a later position asserted by a party was clearly inconsistent with an earlier position; (2) whether a party succeeded in persuading a court to accept an earlier position ...; and (3) whether the party with an inconsistent position would derive an unfair advantage or impose an unfair treatment on the opposing party if not estopped." *Id.*

The undersigned finds no abuse of discretion here. First, Debtor did not take inconsistent or positions or derive unfair advantage before the Bankruptcy Court. As noted by the Bankruptcy Court, "discharge" and "dischargeability" are distinct concepts in bankruptcy law (DE 22-1 at 5-6). The initial Notice at the outset of the case explained the two concepts and the differing methods for pursuing each type of objection (DE 10 at 6-7). Knight's Motion to Adjourn requested a continuance of the deadline to object to discharge, but not dischargeability (DE 10 at 9-14). Moreover, during the brief hearing on the Motion to Adjourn, no discussion took place regarding the deadline to object to dischargeability (or discharge for that matter); all discussion focused on continuance of the confirmation hearing (DE 10 at 63-64). Under these circumstances, Debtor

cannot be faulted for remining silent on the dischargeability deadline, as that issue was not before the Bankruptcy Court at that time.

Likewise, Debtor did not mislead Knight by remaining silent after Knight's counsel announced he had already filed an adversary complaint. Knight raised this issue in the context of the confirmation hearing, advising the Bankruptcy Court that the Trustee had taken the position that she did not wish to have the confirmation hearing "as long as the adversary is pending" (DE 10 at 63-64). Contrary to Knight's argument, this did not shift the burden to Debtor to announce all of the defenses she planned to raise in opposition to the Adversary Proceeding, including timeliness.

Knight may well have been confused by the Bankruptcy Court's comment, at the conclusion of the Motion to Adjourn hearing, that "your rights will be protected in the meantime" (DE 10 at 63-64). Knight may have mistakenly believed he had moved to continue the dischargeability deadline and that the Bankruptcy Court was assuring him his rights would be protected in that regard. But regardless, Knight was clearly on notice that—whatever relief he thought he had requested—the Bankruptcy Court denied that relief both verbally (DE 10 at 63-64) and in writing (DE 10 at 18). The burden to clarify any confusion rested with Knight, and Debtor cannot be faulted with this confusion by way of judicial estoppel.

In short, the undersigned finds no abuse of discretion in the Bankruptcy Court's refusal to apply the doctrine of judicial estoppel here. The record does not show that Debtor took inconsistent positions based on the exigencies of the moment, that she took unfair advantage of her opponent, or that she otherwise made a mockery of the judicial process. *See Ackner v. PNC Bank, Nat'l Ass'n*, No. 16-81648-CIV-Marra, 2017 WL 7355329, * 5 (S.D. Fla. Dec. 22, 2017) (declining to apply judicial estoppel where party failed to show opponent "made a mockery of the judicial process or altered positions based on the exigencies of the moment").

**B.     Knight Did Not Timely Move to Continue the Dischargeability Deadline**

Finally, the undersigned finds no error because, even if Knight had squarely raised dischargeability during the Motion to Adjourn hearing, it was already too late to do so. As recognized by the Eleventh Circuit, "any motion to extend the time period for filing a dischargeability complaint must be made before the running of that period." *In re Alton*, 837 F.2d 457, 459 (11th Cir. 1988). A Bankruptcy Court has no discretion to grant a late-filed motion to extend this deadline. *Id.*

In *In re Noll*, 249 B.R. 568 (M.D. Fla. 2000), for example, a creditor filed a motion to extend the deadline to object to discharge, but not to dischargeability. 249 B.R. at 571. At a hearing on the motion, the Bankruptcy Court permitted the creditor to amend his motion to include a request to extend the dischargeability deadline pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure. *Id.* Following entry of judgment on the dischargeability complaint, the debtor appealed. *Id.* The District Court reversed, concluding that the original motion referred only to discharge, not to dischargeability. The District Court reasoned that "[s]ince no motion for an extension of time pursuant to Rule 4007 was filed prior to the deadline, the Bankruptcy Judge erred in allowing the Appellees to amend their motion to include an extension of time to file a complaint under § 523 of the Bankruptcy Code." *Id.*

The same situation would have applied here, had Knight attempted to amend his Motion to Adjourn during the hearing on that motion. As previously discussed, the original Motion to Adjourn sought extension of the deadline to object to discharge, but not to dischargeability. By the date of the hearing on the Motion to Adjourn, it was too late to seek extension of the latter deadline. For this reason as well, the Court finds no error.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Order Granting the Motion to Dismiss be **AFFIRMED**.

## V.   NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of August 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE